FILED
SUPERIOR COURT
OF GUAM

2021 NOV -1 PM 4: 19

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

ADRIAN L. CRISTOBAL, CONCEPCION
F. CRISTOBAL, JORGE E.U. CRISTOBAL,
BEATRIZ CRISTOBAL, E.C. LEON
GUERRERO, JUAN B. LEON GUERRERO,
ALBERTO C. LAMORENA, III, trustee, and
FE C. LAMORENA,

Plaintiffs,

v.

JEFFREY SIEGEL, FRANCIS GILL,
BRYAN HANOHANO, and CORAL PIT,
INC.,

Defendants.

Civil Case No. CV0442-88

**DECISION AND ORDER
GRANTING MOTION TO
SUBSTITUTE**

This matter is before the Honorable Dana A. Gutierrez based upon Defendant Bottomless Pit, LLC's Guam Rule of Civil Procedure 25 Motion and 15 GCA Section 2209 Motion to Substitute Jacqueline Taitano Terlaje, Special Administratrix for the Estate of Concepcion F. Cristobal, As Party Hereto In Place of the Reverend Adrian F. Cristobal, Who is No Longer the Administrator of the Estate of Concepcion F. Cristobal ("Motion to Substitute"). The Court took this matter under advisement at a hearing on August 3, 2021 and now issues this Decision and Order **GRANTING** the Motion to Substitute.

## PROCEDURAL BACKGROUND

1. Originally, this lawsuit was initiated by the following Plaintiffs: 1) Adrian L. Cristobal; 2) Concepcion F. Cristobal; 3) Jorge E.U. Cristobal; 4) Beatriz Cristobal; 5) E.C. Leon Guerrero; 6)

Juan B. Leon Guerrero; 7) Alberto C. Lamorena, III, trustee; and 8) Fe C. Lamorena ("Original Plaintiffs"). Complaint (June 1, 1988); First Amended Complaint (June 30, 1988).

2.    The Original Plaintiffs named the following Defendants: 1) Jeffrey Siegel; 2) Francis Gill; 3) Bryan Hanohano; and 4) Coral Pit, Inc. ("Original Defendants"). *Id.*

3.    In a Decision and Order ("D&O") issued on October 6, 1988, the Honorable Peter C. Siguenza, Jr. dismissed Defendant Bryan Hanohano from the above-captioned case.

4.    On August 11, 1989, Judge Siguenza dismissed all of the Original Plaintiffs' claims against all Original Defendants. Order Dismissing Claims (Aug. 11, 1989).

5.    The only claim remaining was Defendant Coral Pit, Inc.'s ("Coral Pit") counterclaim against the Original Plaintiffs. Answer to First Amended Complaint (July 11, 1988).

6.    Coral Pit's remaining counterclaim was resolved by a Stipulation and Order for the Settlement and Compromise of Claims executed by the parties and filed on March 14, 1996. The Stipulation and Order for the Settlement and Compromise was approved by the Court in its Final Judgment issued on March 14, 1996.

7.    On May 21, 2004, Bottomless Pit, L.L.C. ("Bottomless Pit") entered its appearance as the successor Defendant-Counterclaimant in place of Coral Pit based on Bottomless Pit's purchase of Coral Pit on March 23, 2004. Bottomless Pit, LLC's Position Statement, In Response to the Court's July 7, 2021 Order, at 3 (July 29, 2021).

8.    Since the entry of the Final Judgment in this case, almost all of the Original Plaintiffs have passed away and have been replaced by their estates and/or administrators of their estates, or are no longer interested parties in this suit, as follows:

a)    Fe C. Lamorena has passed away. The Estate of Fe C. Lamorena is represented by Alberto C. Lamorena, III as the Administrator of the Estate. Legal counsel for the Estate of Fe C.

Lamorena is Attorney Geri Diaz of Camacho Calvo Law Group LLC.[1] Min. Entry, at 10:02:44 AM (Aug. 3, 2021).

b) E.C. Leon Guerrero and Juan B. Leon Guerrero have passed away. However, all participating parties agree that the estates of E.C. Leon Guerrero and Juan B. Leon Guerrero no longer have an interest in this matter and are no longer parties to this suit. *See* Plaintiffs Estate of Jorge E.U. Cristobal and Estate of Fe Grata C. Lamorena's Position Statement, at 2 (July 30, 2021); Bottomless Pit, LLC's Position Statement, In Response to the Court's July 7, 2021 Order, at 3 (July 29, 2021).

c) Jorge E.U. Cristobal and Beatriz Cristobal have passed away. Beatriz Cristobal predeceased Jorge E.U. Cristobal. Legal Counsel for the Estate of Jorge E.U. Cristobal is Attorney Geri Diaz of Camacho Calvo Law Group LLC.

d) Adrian L. Cristobal and Concepcion Cristobal have passed away. Adrian L. Cristobal predeceased Concepcion Cristobal. The history of Concepcion Cristobal's status as a party in this matter is summarized as follows:

i) On January 27, 2016, in Probate Case No. PR0190-15, Rev. Adrian F. Cristobal was appointed as the Administrator of the Estate of Concepcion Cristobal. *See* Motion to Substitute, CV0442-88 (Oct. 7, 2019).

ii) On May 21, 2018, the Honorable Michael J. Bordallo ordered that Adrian F. Cristobal, as the Administrator of the Estate of Concepcion F. Cristobal, be substituted as a party in the place of Plaintiff Concepcion Cristobal in the above-captioned case. *Id.; see Adrian L. Cristobal, et al. v. Jeffrey Siegel, et al.*, D&O, CV0442-88 (May 21, 2018).

---

[1] It is unclear whether "Alberto C. Lamorena, III, trustee" is a separate and distinct party from Alberto C. Lamorena, III, as Administrator of the Estate of Fe C. Lamorena and whether Attorney Diaz represents Alberto C. Lamorena, III, trustee. The parties did not clarify this issue in their position statements filed on July 29, 2021 and July 30, 2021, respectively. *See* Plaintiffs Estate of Jorge E.U. Cristobal and Estate of Fe Grata C. Lamorena's Position Statement, at 2 (July 30, 2021).

iii)     Subsequent to Adrian F. Cristobal's substitution in this matter, Attorney Jacqueline Taitano Terlaje was appointed as Special Administrator of the Estate of Concepcion Cristobal in PR0190-15 on July 25, 2018, due to Adrian F. Cristobal having left Guam without the intention of returning. *See* Motion to Substitute, CV0442-88 (Oct. 7, 2019).

iv)     The appointment of Attorney Terlaje as the Special Administrator of the Estate of Concepcion Cristobal prompted Bottomless Pit to file the present Motion to Substitute requesting to substitute Attorney Terlaje, as the Special Administrator of the Estate of Concepcion Cristobal, in the place of the previous administrator of the estate, Adrian F. Cristobal, as a party in the above-captioned case. *Id.*

## DISCUSSION

Bottomless Pit's Motion to Substitute cites to Rule 25 of the Guam Rules of Civil Procedure ("GRCP") and 7 GCA § 2209 in support of its request to substitute Attorney Terlaje, as the Special Administrator of the Estate of Concepcion Cristobal, in the place of the previous administrator of the estate, Adrian F. Cristobal, as a party in the above-captioned case. Mot. to Substitute, at 1, 5. No party, including Attorney Terlaje as Special Administrator, has filed any opposition to the Motion to Substitute as of the date of this Order. However, at the hearing on August 3, 2021, Attorney Terlaje expressed her position that as "special administrator," she has no authority to be substituted in the above-captioned matter because her authority is "limited by the probate court." Min. Entry, at 10:05:10-10:08:26 AM (Aug. 3, 2021). Attorney Terlaje further stated that it is her position that Bottomless Pit would need to "apply to the probate court" to appoint "the appropriate administrator." *Id.*[2]

---

[2] Attorney Terlaje cites to nothing to support her contention that special administrators may not be substituted as a party in a lawsuit, and in fact, the Superior Court of Guam has ordered the substitution of special administrators as a party in various lawsuits. *E.g., Chung Sook Kim v. Mi Hye Kim, et al.,* CV0710-11, D&O

Rule 25(a)(1) of the GRCP[3] provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Further, Title 15 GCA § 1907 identifies the powers and duties of a special administrator as follows:

> The special administrator must take possession of all of the real and personal property of the decedent, and preserve it from damage, waste and injury, and must collect all claims, rents, and other income belonging to the estate; and for any such purposes **may commence and maintain or defend suits and other legal proceedings as such special administrator.**

(emphasis added).[4]

The power of a special administrator to "maintain or defend suits and other legal proceedings" authorizes the special administrator to be substituted as a party to a case in the same manner as the general administrator. *McNeil v. Morgan*, 108 P. 69, 69, 71 (Cal. 1910) (affirming the trial court's order to substitute a newly appointed special administrator as a party in the place of the previous general administrator who had been removed).[5] When "[i]t was entirely within the power of the probate court

---

(Oct. 13, 2014); *George Hiller v. Homeowners Association of the Holiday Tower Condominiums, et al.,* CV0179-16, D&O (Aug. 3, 2017); *Pedro T. Aguon v. Salgill Land Corp.,* CV1334-96, D&O (March 6, 2012).

[3] Bottomless Pit does not cite to a specific section of Rule 25; however, based on a reading of the rule, the Court finds this section to be the most relevant to the issue at hand.

[4] Although Bottomless Pit cites to 15 GCA § 2209 in support of its Motion to Substitute, 15 GCA § 2201 explicitly excludes "special administrators" from the provisions contained within Chapter 22 of Title 15. 15 GCA § 2201 ("The term personal representative, as used in this Chapter, shall mean the executor, the administrator with the will annexed, or the administrator of a decedent's estate, as the case may be. Comment: [ . . . ] Note, however, that the provisions of Chapter 22 do not apply to special administrators."). Therefore, 15 GCA § 2209 does not authorize the substitution of Attorney Terlaje.

[5] *Zahnen v. Limtiaco,* 2008 Guam 5 ¶ 17 ("Because the Guam Legislature enacted a probate code substantially similar to the California Probate Code in 1953, we look to California case law for interpretation.")

to appoint a special administrator with authority to commence and maintain or defend suits and other legal proceedings," then it is "also within the scope of the authority of the court to try this case and make the order substituting the special for the general administrator as a party." *Id.*

In the case at bar, as in the case of *McNeil*, an order of the court with proper jurisdiction appointed Attorney Terlaje as Special Administrator of the Estate of Cristobal Concepcion. *See* Motion to Substitute, Exhibit 1, Order Granting Special Letters of Administration; *McNeil*, 108 P. at 69-71. The Order Granting Special Letters of Administration appoints Attorney Terlaje pursuant to 15 GCA § 1901 *et seq.* Motion to Substitute, Exhibit 1, Order Granting Special Letters of Administration.[6] Therefore, it is within the authority of this Court to substitute Attorney Jacqueline Taitano Terlaje, as Special Administrator of the Estate of Concepcion Cristobal, as a party to this suit in the place of the previously appointed general administrator, Rev. Adrian F. Cristobal.

## CONCLUSION

Accordingly, for the foregoing reasons and in order to facilitate the resolution of this matter, the Court hereby **GRANTS** Defendant Bottomless Pit, LLC's Guam Rule of Civil Procedure 25 Motion and 15 GCA Section 2209 Motion to Substitute Jacqueline Taitano Terlaje, Special Administratrix for

---

[6] The Order cites to 15 GCA § 1901 *et seq.* and confers the following powers to the special administrator:
> It is hereby ordered, adjudged and decreed that Jacqueline Taitano Terlaje is appointed as Special Administrator of the Estate of Concepcion F. Cristobal, and she is authorized and empowered to collect and preserve for the personal representative all goods, chattels, debts and effects of decedents, and all incomes, rent, issues, profits, claims and demands of the estate, to take charge and management thereof, enter on and preserve the same from damage, waste, and injury and **for such and all other necessary purposes to exercise all the rights and powers of an Administrator as provided by law and that letters of administration issue upon them taking the oath, without bond.**

Motion to Substitute, Exhibit 1, Order Granting Special Letters of Administration (emphasis added). However, the Court does not consider this general language to be dispositive of the issue at hand. Even if the language in the Order appointing Attorney Terlaje had strictly tracked the language of 15 GCA § 1907, the substitution of Attorney Terlaje would still be appropriate because she is statutorily authorized to "commence and maintain or defend suits and other legal proceedings as such special administrator." *See McNeil*, 108 P. at 69-71.

the Estate of Concepcion F. Cristobal, As Party Hereto In Place of the Reverend Adrian F. Cristobal, Who is No Longer the Administrator of the Estate of Concepcion F. Cristobal.

A Further Proceedings shall be held on **November 30, 2021, at 10:15 a.m.**

**SO ORDERED**: ___0 1 NOV 2021___

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

To appear for the hearing: go to: https://guamcourts-org.zoom.us; and enter the Meeting ID: 839 7874 0380 and Passcode: 189701. For technical difficulties, or you may call into the courtroom at (671) 475-3207 five (5) minutes prior to your designated hearing time.

**SERVICE VIA** e-
I acknowledge that an electronic
copy of the original was e-mailed to:

Date:_____ Time:___11/1/21___

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

7